**EXHIBIT A TO MILBERG LLP CASE DISPOSITION AGREEMENT**

## EXHIBIT A TO MILBERG LLP CASE DISPOSITION AGREEMENT

### STATEMENT OF ADMITTED FACTS

In connection with the Case Disposition Agreement entered into between Milberg LLP (previously known as "Milberg Weiss LLP," "Milberg Weiss & Bershad LLP," "Milberg Weiss Bershad & Schulman LLP," "Milberg Weiss Bershad Hynes & Lerach LLP," and "Milberg Weiss Bershad Specthrie & Lerach,") (the "Firm") and the United States Attorney's Office for the Central District of California ("USAO") in the case of United States v. Milberg Weiss LLP, et al., Case No. CR 05-587(D)-JFW ("U.S. v. Milberg"), and with the understanding that the pseudonyms, capitalized terms, and case names herein have the same meanings as are ascribed to them in the second superseding indictment in U.S. v. Milberg (the "Indictment"), the Firm admits and accepts responsibility for the following:

### Introduction

1.    The Firm is a law firm partnership, which at all relevant times maintained its principal offices in New York, New York and, from 1976 through on or about May 2004, in San Diego, California.  On May 1, 2004, approximately 28 equity partners, 20 non-equity partners, and 75 other attorneys at the Firm, at that time known as Milberg Weiss Bershad Hynes & Lerach LLP, withdrew from the Firm and established Lerach Coughlin Stoia & Robbins LLP, which maintained its principal office in San Diego, California.

-1-

2.   The Firm specialized in serving as plaintiffs' counsel in class actions and shareholder derivative actions (collectively "Class Actions") brought in federal and state courts throughout the United States, including in the Central District of California.

3.   As counsel seeking to represent and representing class members or shareholders not before the courts (collectively "absent class members"), the Firm and its attorneys had fiduciary duties of loyalty, honesty, and trust to the absent class members. Individuals who sought to be authorized by the courts to serve and who served as representative plaintiffs on behalf of absent class members (hereinafter "named plaintiffs") likewise had fiduciary duties of loyalty, honesty, and trust to those absent class members. As a result of these duties, the Firm and its attorneys (a) could not give preferential treatment to the interests of named plaintiffs over the interests of the absent class members; (b) could not act in a deceitful or unethical manner toward the court or the absent class members; and (c) were required to disclose to the court any fact that could reasonably affect the ability of the Firm and its attorneys to fairly or adequately represent the interests of the absent class members.

<u>Secret Kickback Payments to Plaintiffs</u>

4.   Beginning in or before 1979 and continuing into 2005, in order to facilitate the recruitment and retention of named plaintiffs, former senior Firm partners Melvyn I. Weiss

-2-

("Weiss"), William S. Lerach ("Lerach"), David J. Bershad ("Bershad"), Steven G. Schulman ("Schulman"), Partner E, Partner F, and Partner G (collectively the "Conspiring Former Partners"), all of whom exercised management authority over the Firm, agreed to and did secretly pay kickbacks to named plaintiffs in Class Actions in which the Firm served as counsel. Specifically, they agreed to and did pay to certain named plaintiffs a portion of the attorneys' fees that the Firm obtained in Class Actions in which such individuals served, or caused a relative, associate, or entity they controlled to serve, as a named plaintiff for the Firm. Generally, these named plaintiffs were promised that they would be paid approximately 10% of the net attorneys' fees that the Firm obtained in their respective Class Actions, although they were also told by certain of the Conspiring Former Partners that the amount would be lower if they were paid in cash or if the Firm had payment obligations on the same case to others.

5.    During the times that the Conspiring Former Partners made these secret kickback payment arrangements, they were senior partners of the Firm who controlled the management of the Firm. Throughout the conspiracy, the Conspiring Former Partners took affirmative steps to conceal their illegal activities from other partners, associates, and employees of the Firm.

6.    By entering into such payment arrangements, the Conspiring Former Partners were able to secure a reliable source of individuals who were ready, willing, and able to serve as

-3-

named plaintiffs in Class Actions that the Firm wanted to bring.
In addition, some of these individuals would investigate and
propose to the Firm lucrative potential Class Actions for the
Firm to bring.  Such payment arrangements enabled the Firm to
file more Class Actions, and frequently to file them more
quickly, than would be possible absent such arrangements.

7.    Included among the named plaintiffs who were paid
kickbacks by the Firm were those referred to in the Indictment as
the "Paid Plaintiffs," namely, Howard J. Vogel ("Vogel"), Seymour
M. Lazar ("Lazar"), Steven G. Cooperman ("Cooperman"), Cooperman
Plaintiff 1 and Cooperman Plaintiff 2, and the Florida Plaintiffs
(collectively the "Paid Plaintiffs").  The Class Actions in which
the Paid Plaintiffs served, or caused their spouses or entities
they controlled to serve, as named plaintiffs for the Firm are
referred to hereinafter as the "Lawsuits."  ("Lawsuits" do not
include Class Actions in which the named plaintiff was an
associate of a Paid Plaintiff or a relative other than the spouse
of a Paid Plaintiff, even though the Firm paid kickbacks to the
Paid Plaintiff for referring such associates and relatives to the
Firm to serve as named plaintiffs.)  The specific Lawsuits for
the Paid Plaintiffs are further identified in the exhibit
attached hereto.

8    In summary:

a.    Vogel served, and caused his relatives and an
entity he controlled to serve, as named plaintiffs in

-4-

approximately forty Class Actions for the Firm between 1991 and 2005 and, as a result, the Firm secretly paid him approximately $2.5 million;

b.   Lazar served, and caused his relatives and an entity he controlled to serve, as named plaintiffs in approximately sixty-seven Class Actions for the Firm between 1976 and 2004 and, as a result, the Firm secretly paid him approximately $2.6 million;

c.   Cooperman served, and caused his relatives and associates (including Cooperman Plaintiff 1 and Cooperman Plaintiff 2) to serve, as named plaintiffs in approximately seventy Class Actions for the Firm between 1988 and 1999 and, as a result, the Firm secretly paid him approximately $6.2 million, some of which was to be shared with Cooperman Plaintiff 1 and Cooperman Plaintiff 2;

d.   The Florida Plaintiffs served as named plaintiffs in approximately one hundred Class Actions for the Firm between 1983 and 2004 and, as a result, were secretly paid hundreds of thousands of dollars in cash; and

e.   The Firm obtained approximately $239 million in attorneys' fees in connection with the Lawsuits and litigation resolving the Lawsuits.

9.  The Firm's kickback payments to and payment arrangements with the Paid Plaintiffs were illegal because they violated laws and regulations: (a) prohibiting an attorney from paying a person

-5-

to maintain his or her lawsuit; (b) prohibiting paying a
fiduciary, without the consent of the principal, with the intent
to influence his or her conduct as a fiduciary; and (c)
prohibiting an attorney from sharing attorneys' fees with persons
who are not duly licensed to practice law.  Additionally, such
payments and payment arrangements created a conflict of interest
between the Paid Plaintiffs and absent class members because, as
a result, the Paid Plaintiffs had a greater interest in
maximizing the amount of attorneys' fees awarded to the Firm than
in maximizing the net recovery to the absent class members.

        10.  At all relevant times, the Conspiring Former Partners
knew that the Firm's kickback payments to and payment
arrangements with named plaintiffs had to be concealed from the
federal and state courts presiding over the Class Actions
(hereinafter the "presiding courts").  Discovery by the presiding
courts of a secret payment arrangement with a named plaintiff in
a Class Action could have resulted in, among other things:
(a) the disqualification of the named plaintiff from serving as a
class representative in that Action and other Class Actions;
(b) the disqualification of the Firm, including the Conspiring
Former Partners, from serving as class counsel in that action and
other Class Actions; and (c) referral to a disciplinary committee
and a risk of revocation or suspension of one or more of the
Conspiring Former Partners' licenses to practice law.

11.   To conceal the payments and payment arrangements, the Conspiring Former Partners made and caused to be made false and misleading representations in complaints, motions, and other pleadings filed and caused to be filed by the Firm in the Lawsuits.  Among such misrepresentations were representations that the Paid Plaintiffs or their spouses or entities they controlled had no interest in conflict with, or antagonistic to, absent class members when, in fact, the Firm's secret payment arrangement with the Paid Plaintiffs created a significant conflict of interest, as described above.

12.   Conspiring Former Partners also prepared paid named plaintiffs for their testimony in a manner intended to assure that they would lie when questioned concerning the existence of any payments or payment arrangements.  As a result, such plaintiffs, including the Paid Plaintiffs, made false statements designed to conceal the existence of their kickback payment arrangements with the Firm in under-oath testimony and in written certifications, declarations, and other documents signed under penalty of perjury in Class Actions.

13.   To make sure the Firm's payments to the Paid Plaintiffs would not be discovered, Weiss, Lerach, Bershad and other of the Conspiring Former Partners personally delivered some of these payments in cash.  Regarding the cash used to pay these plaintiffs:

a.    Weiss, Lerach, Bershad, and other of the Conspiring Former Partners pooled their personal cash into a fund that Bershad maintained in his office at the Firm, which was used by the Conspiring Former Partners to supply cash for secret payments to paid plaintiffs and others.

b.    Weiss, Lerach, Bershad, and other Conspiring Former Partners who had contributed cash caused the Firm to award "bonuses" to them, amounting to the cash they had contributed, plus additional amounts intended to approximate the income taxes payable by them on such "bonuses."

c.    The Firm's partnership agreements included provisions for the award of discretionary bonuses.  A purpose of these bonus provisions was to enable Weiss, Lerach, Bershad, and other Conspiring Former Partners, who determined in their sole discretion the allocation of the bonuses, to use Firm profits to compensate themselves for the cash they had contributed to the secret payment fund.  The government has no evidence that any current member of the Firm had knowledge or notice of the improper use of these bonus provisions as described above.  There is nothing in these bonus provisions themselves that would give uninvolved partners notice that these bonus provisions might be used for such improper purposes.

14.  The Conspiring Former Partners also caused the Firm to pay the Paid Plaintiffs by check made payable to lawyers or other professionals selected by the Paid Plaintiffs, who then used and

disbursed the payments at the direction, and for the benefit, of
the Paid Plaintiffs.  The Conspiring Former Partners falsely
disguised such payments as "referral fees" or "professional fees"
to the intermediary lawyer or professional.  The Conspiring
Former Partners knew and intended, however, that such payments
were for the exclusive benefit of the Paid Plaintiffs, and not
for the intermediary to whom the check was made out.  In
addition, in connection with the Newhall Land class action, in
which Cooperman served as a paid plaintiff, Weiss made a $175,000
payment by personal check to Cooperman, disguised as a phony
"option" payment for artwork.

        15.  The concealment of the payments to and payment
arrangements with Paid Plaintiffs from courts presiding over the
Lawsuits impeded the ability of these courts to assess and
determine: (a) the appropriateness of approving the Lawsuits to
proceed as Class Actions; (b) the ability of the Paid Plaintiffs,
their spouses or the entities they controlled to fairly and
adequately represent the interests of the absent class members;
(c) the ability of the Firm to fairly and adequately represent
the interests of the absent class members; (d) the fairness of
settlements of the Lawsuits proposed by the Firm and the Paid
Plaintiffs, their spouses, or entities they controlled; and
(e) whether and the extent to which the Firm should be awarded
the attorneys' fees it sought in the Lawsuits.

### Payments to Stockbrokers

16.   In addition to the foregoing, cash from the fund described in paragraph 13 above was also used by Bershad, Schulman, and Partner E to secretly pay kickbacks to several stockbrokers for referring their clients and other individuals to serve as named plaintiffs for the Firm.

17.   The secret kickback payments to stockbrokers were illegal because they violated laws and regulations: (a) prohibiting stockbrokers from soliciting or accepting, directly or indirectly, remuneration for assisting an attorney in obtaining the representation of any person in any private action arising under this chapter or under the Securities Act of 1933, see 15 U.S.C. § 78o(c)(8) (effective December 22, 1995); (b) prohibiting paying a fiduciary (i.e. the stockbroker), without the consent of the principal (i.e. the brokerage firm employing the stockbroker), with the intent to influence his or her conduct as a fiduciary; and (c) prohibiting an attorney from sharing attorneys' fees with persons who are not duly licensed to practice law.

18.   Regarding cash kickbacks paid to stockbrokers:

(a)   Schulman brought to the attention of Bershad and other Conspiring Former Partners two stockbrokers located in Albany, New York, who were willing to refer clients to the Firm in exchange for cash compensation (the "Albany brokers"). In the 1980s and 1990s, the Albany brokers referred clients to the Firm

-10-

who served as named plaintiffs in successful class actions.

(b)   In turn, Schulman received substantial sums of cash from Bershad, supplied from the fund, which Schulman then delivered from time to time to the Albany brokers.  Bershad also delivered a cash payment to one of the Albany brokers.

(c)   Bershad delivered a cash payment to another stock broker located on Long Island, New York who referred clients (the "Long Island broker"), and provided cash from the fund to Partner E to make additional cash payments to the Long Island broker for client referrals.

(d)   Weiss, Lerach, Bershad, Schulman, and Partner E knew of the practice of making secret cash payments to stock brokers, knew that it was improper, and knew that it had to be kept secret.  Certain of these Conspiring Former Partners used the annual discretionary bonus awards described in paragraph 13(b) above to reimburse themselves for the cash they contributed to pay the Albany brokers and the Long Island broker, among others, for plaintiff referrals.

19.  The Conspiring Former Partners caused the Firm to pay New York stockbroker Paul L. Tullman ("Tullman") by check for referring his clients, friends, and clients of other stockbrokers Tullman knew to serve as named plaintiffs for Firm.  The Firm's payments to Tullman made by check were identified in the Firm's records as "referral fees," "fees to others," or "professional fees" to Tullman purportedly for his functioning in the capacity

-11-

of a lawyer.  Although Tullman was at all relevant times a member
of the New York State Bar, in fact, Tullman did not work as a
lawyer on such cases, and was being paid for his client contacts
and resources as a stockbroker.

20.  From the late 1970s through 2001, while Tullman was
employed full-time as a stockbroker, Tullman provided to the Firm
individuals who served as named plaintiffs in more than seventy
Class Actions.  As a result, between 1981 and 2005, certain of
the Conspiring Former Partners caused the Firm to pay Tullman
checks totaling approximately $8.85 million.  With respect to
these Class Actions, the Firm obtained attorneys' fees in excess
of $102 million.  One of the payments to Tullman, in the amount
of $1,074,291, was made on June 20, 2005, well after the Firm
knew that its relationship with Tullman was under investigation.

<u>Misrepresentations to Courts Regarding Expert John Torkelsen</u>

21.  Beginning at least as early as 1985 and continuing
through at least 2004, the Firm employed the services of
John Torkelsen and his associated entities, including Princeton
Venture Research, Inc. and Equity Valuation Advisors, Inc.
(collectively "Torkelsen").  The Firm used Torkelsen to provide
damages and valuation analysis and testimony in Class Actions.

22.  The plaintiffs in certain Class Actions designated
Torkelsen as an expert witness.  In such Class Actions, the Firm
and its co-counsel could not pay Torkelsen on a contingent basis,
i.e. could not condition Torkelsen's right to payment on the

-12-

result obtained in a case.

23.  From at least as early as 1985 and continuing through at least 1998, certain former senior Firm partners caused the Firm to retain Torkelsen on a contingent basis.  That is, Torkelsen's right to be compensated depended on whether and the degree to which the Firm was successful in the litigation for which Torkelsen provided testimony or consultation.  The Firm's contingent fee arrangement with Torkelsen applied to cases in which Torkelsen provided expert testimony for the Firm, as well as cases in which Torkelsen provided only non-testimonial consulting services.

24.  In under-oath testimony and in declarations signed under penalty of perjury in support of fee applications in a number of cases, Torkelsen represented that he had been retained pursuant to a "non-contingent" payment arrangement with the Firm. In fact, as certain former senior partners of the Firm and Torkelsen well knew, these statements were false because Torkelsen had in fact been retained by the Firm on a contingent basis.

25.  In order to ensure that Torkelsen's overall compensation was commensurate with the work he did on both winning and losing cases for the Firm, Torkelsen, with the knowledge and approval of certain former senior Firm partners, often submitted and caused to be submitted reimbursement applications to courts that were fraudulently inflated, in that

-13-

they included claims for hours worked that were never in fact worked, or that had been worked in other Class Actions. For example, between 1993 and 1996 Torkelsen submitted bills to the Firm reflecting write-offs or downward adjustments of more than $4 million billed to various Class Actions, with corresponding upward adjustments of more than $4 million billed to other Class Actions.

<u>The Firm's Conduct In Response to The Investigation</u>

26.   The Firm acknowledges that, after it became aware of the existence of the USAO's criminal investigation into its secret payment arrangements with named plaintiffs and stockbrokers who provided named plaintiffs in Class Actions, it continued to be controlled by the Conspiring Former Partners whom the USAO had identified to the Firm as targets of its investigation and, while under their continuing control, it (a) failed to conduct an independent internal investigation into the allegations that it secretly paid plaintiffs and referring stockbrokers in Class Actions and (b) delayed taking adequate action to prevent such conduct from occurring in the future.

*Lawsuits*

| Defendant | Initial Case Caption | Initial Case Number | Filing Date | Consolidated Case Caption | Consolidated Case Number |
|---|---|---|---|---|---|
| Abbott Laboratories | Charles R. Gallman, Kathleen A. King Gallman, Steven Cooperman, and Darres A. McMahon v. Abbott Laboratories, Inc., et al. | California Superior Court, Alameda County Case No. 675678-1 | 02/01/91 | | |
| Abbott Laboratories | Steven Cooperman v. Abbott Laboratories, Inc., et al | California Superior Court, San Diego County, Case 632601 | 01/09/91 | | |
| AHI | Mel Kinder, Joseph and Carrol DiLustro, and Joshua Chopp v. AHI Healthcare Systems, Inc. | USDC CDCA 95-8658 MRP | 12/20/95 | In re AHI Healthcare Systems, Inc. Securities Litigation | USDC CDCA 95-8658 MRP |
| Alexander's | A. Jacques Lou et al v. Alexander's Inc. et al | Delaware Chancery 8955/77 | 04/09/87 | | |
| Allergan | Steven G. Cooperman v. Allergan, Inc., et al. | California Superior Court, Orange County, 603737 | 09/27/89 | | |
| Allergan | Steven G. Cooperman v. Allergan, Inc., et al. | USDC CDCA 89-713 JGD | 09/27/89 | In re Allergan Inc. Securities Litigation | USDC CDCA 89-643-AHS |
| American Airlines | Steven G. Cooperman, et al. v. AMR Corp., et al. | Delaware 11149 | 10/06/89 | | |
| American Continental | Sarah B. Shields et al. v. Charles H. Keating, Jr. et al | California Superior Court, Orange County, Case 594802 | 06/22/89 | | |
| American Continental | Ronald Fischman and Robert C. Keller v. Lincoln Savings and Loan Association, et al. | USDC Arizona 90-567 RMB | 04/12/90 | In re American Continental Corporation/Lincoln Savings & Loan Securities Litigation | USDC Arizona MDL Docket No. 834 |
| American Continental | Ronald Fischman and Robert C. Keller v. Lincoln Savings and Loan | USDC CDCA 89-2448 MRP | 04/24/89 | Sarah B. Shields; Ronald Fischman; Wally Al-Aseer; Raymond Parks and Jik Ind, Money Purchase Plan and Trust v. Charles HI. Keating, Jr., et al. | USDC CDCA 89-2052 SVW |
| Aquila Gas Pipeline Corporation | Eugenia Gladstone Vogel v. Harvey J. Padewer, et al. | Delaware Chancery 16775 NC | 11/13/98 | In re Aquila Gas Pipeline Corporation Shareholders Litigation | Delaware Chancery 16775 NC |
| Arcata | Mordecai Rosenfeld and Seymour Lazar v. Kohlberg, Kravis, Roberts & Co. et al | Massachusetts Superior CA-60315 | 03/17/83 | | |
| Arcata | Mordecai Rosenfeld, Seymour Lazar and Stanley Zuckerman v. Kohlberg, Kravis, Roberts & Co. et al | San Mateo Superior 257916 | 10/01/81 | | |

*Lawsuits*

| Defendant | Initial Case Caption | Initial Case Number | Filing Date | Consolidated Case Caption | Consolidated Case Number |
|---|---|---|---|---|---|
| Aristech | Ronald Fischman, Steven G. Cooperman and Michael Pattiuci v. Aristech Chemical Corporation, et al. | Delaware Chancery Civil Action No. 10909 | early June 1989 | | |
| Armor All Products Corp. | Eugenia Gladstone Vogel v. William A. Armstrong, et al. | Delaware Chancery 15401 NC | 12/04/96 | | |
| Armstrong World Industries | Steven G. Cooperman v. Armstrong World Industries, Inc., et al. | Court of Common Pleas, Lancaster County, Pennsylvania 2839-1989 | 07/12/89 | | |
| Armstrong World Industries | Cooperman v. Armstrong World Industries, Inc., et al. | USDC EDPA 89-5122 MT | 07/12/89 | | |
| Array's | Seymour Lazar v. James D. Sadlier et al | USDC CDCA CV 84 8100 DWW | 10/19/84 | Seymour Lazar v. James D. Sadlier et al | USDC CDCA CV 84 8100 WJR |
| Ashland Oil | A. Jacques Lou v. William Belzberg et al | Los Angeles Superior Court CA 000972 | 04/09/86 | | |
| Ashland Oil | A. Jacques Lou v. William Belzberg et al | US Court of Appeals 9th Circuit 86-6057, 86-6144 | 08/20/87 | | |
| Ashland Oil | A. Jacques Lou v. William Belzberg et al | USDC CDCA CV 86 2465 DT | ukn. | A. Jacques Lou v. William Belzberg et al | USDC SDNY 86 5304 JSM |
| Ashland Oil | A. Jacques Lou v. William Belzberg et al | USDC SDNY 86-5304-JSM | 07/07/86 | | |
| Avon Products | Steven G. Cooperman v. Avon Products, Inc. | Supreme Court, New York County, N.Y. 89-9794 | 05/03/89 | | |
| Axsys Technologies, Inc. | Howard Vogel Retirement Plan v. Axsys Technologies, Inc. | Delaware Chancery 16769 NC | 11/23/98 | | |
| Bally Entertainment | Mel Kinder v. Barrie K. Brunet et al. | Delaware 14928 | early April 1996 | | |
| BankAmerica Corporation | Seymour Lazar et al v. Bankamerica Corporation | Los Angeles Superior Court CA BC146881 | 03/25/96 | | |
| BankAmerica Corporation | Janet Robbins and Seymour Lazar v. Bankamerica Corporation | San Francisco Superior 988043 | 07/10/97 | | |
| Barnes & Noble | Eugenia Gladstone Vogel v. Joel I. Klein, et al. | Delaware Chancery 042-N | 11/07/03 | In re BarnesandNoble.com. Inc. Shareholders Litigation | Delaware Chancery 042-N |
| Bell Atlantic | Seymour Lazar v. Thomas E. Bolger et al | Philadelphia Court of Common Pleas, April Term 1990, No. 2121 | 04/10/90 | In re Bell Atlantic Corporation Securities Litigation | USDC EDPA 91-0514 |
| Beverly Enterprises | Seymour Lazar v. Robert Van Tuyle et al | Los Angeles Superior Court CA 001117 | 07/05/86 | | |

*Lawsuits*

| Defendant | Initial Case Caption | Initial Case Number | Filing Date | Consolidated Case Caption | Consolidated Case Number |
|---|---|---|---|---|---|
| Beverly Hills Savings & Loan Association | Seymour Lazar v. Touche Ross & Co. et al | Los Angeles Superior Court CA 000927 | 04/19/85 | | |
| Beverly Hills Savings & Loan Association | Mendel Berkowitz v. Touche Ross & Co. | USDC CDCA 85-2702 RMT | 04/23/85 | In re Beverly Hills Savings and Loan Association Securities Litigation | USDC  CDCA CV 85-3157 RMT |
| Biogen | Seymour Lazar v. James L. Vincent et al | USDC Massachusetts CV 94-12177 PBS | 11/02/94 | In re Biogen Securities Litigation | USDC Massachusetts CV 94-12177 PBS |
| Bisys Group, Inc. | Howard Vogel v. The Bisys Group, Inc. | USDC SDNY 04-4048-LTS | 05/27/04 | | |
| Black and Decker | Steven Cooperman, et al. v. Black and Decker Corp., et al. | USDC SDNY 89-2177 MJL | 03/31/89 | | |
| Blockbuster | Howard Vogel v. Richard J. Bressler, et al. | Delaware Chancery 226-N | 02/10/04 | | |
| Burnham Pacific | Alyce Lou et al v. J. David Martin | San Diego Superior Court GIC 743017 | 02/07/00 | In re Burnham Pacific Properties Shareholder Litigation | San Diego Superior Court GIC743017 |
| Cabot Medical | Steven G. Cooperman v. Cabot Medical Corporation, et al. | Superior Court of New Jersey, Chancery Division - Mercer County #MER-C-000058-95 | 04/29/95 | | |
| Carson Pirie | Seymour Lazar et al v. Carson Pirie Scott & Co. et al | Cook County Illinois Circuit Court 89 CH 03070 | 04/13/89 | In re Carson Pirie Scott & Co. Litigation | Cook County Circuit Court 89 CH 2687 |
| Cetus | Steven G. Cooperman v. Ronald E. Cape et al. | USDC NDCA 90-2042 EFL | 07/20/90 | In re Cetus Corp. Securities Litigation | USDC NDCA C-90-2042 |
| Christie International | Chang Trust v. Christie International, et al. | USDC SDNY 00-788-LAK | 02/03/00 | In re: Auction Houses Antitrust Litigation | USDC SDNY 00-648-LAK |
| Cineplex Odeon | Steven Cooperman v. Garth H. Drabinsky et al. and Cineplex Odeon Corporation | USDC CDCA 89-2579 RSWL | 04/28/89 | In re Cineplex Shareholders Litigation | USDC CDCA 89-2461 WJR |
| CIT Group, Inc. | Howard Vogel v. CIT Group Inc., et al. | USDC SDNY 03-2471 JES | 04/10/03 | In re CIT Group, Inc. Securities Litigation | USDC SDNY 03-2471 JES |
| Columbia | Steven Cooperman et al. v. Thomas Spiegel, et al., and Columbia Savings and Loan Association | California Superior Court, Los Angeles CA001-177 | 06/16/89 | | |
| Columbia | Steven Cooperman et al. v. Thomas Spiegel et al. and Columbia Savings and Loan Association | USDC CDCA 89-6538 SVW | 11/09/89 | In re Consolidated Columbia Savings and Loan Actions | USDC SDNY 92-3175 MP |
| Community Psychiatric | Barry L. Bragger, Peter Gershon, and Steven Cooperman v. James W. Conte et al. | USDC CDCA 91-5258 RSWL | 09/30/91 | In re Community Psychiatric Centers Securities Litigation | USDC CDCA 91-533 AHS |

*Lawsuits*

| Defendant | Initial Case Caption | Initial Case Number | Filing Date | Consolidated Case Caption | Consolidated Case Number |
|---|---|---|---|---|---|
| Community Psychiatric | Dollard McGann et al. v. Ernst & Young | USDC CDCA 93-3712 WMB | 06/24/93 | Dollard McGann et al. v. Ernst & Young | USDC CDCA 93-0814 AHS |
| Concord Holdings | Seymour Lazar v. Hambrecht & Quist | USDC NDCA CV 94 20579 RMW | 08/23/94 | In re Concord Holdings Securities Litigation | USDC NDCA CV 94 20579(A)-RMW |
| Copley | Seymour Lazar v. Copley Pharmaceutica, et al | USDC Massachusetts CV 95-10113-WGY | 01/19/95 | In re Copley Pharmaceutical , Inc. Securities Litigation | USDC Massachusetts CV 94-11897-WGY |
| Del Webb | Steven G. Cooperman and Ronald Fischman, on Behalf of Themselves and Others Similarly Situated, and On Behalf of Del Webb Corporation v. Phillip J. Dion, et al., and Del Webb Corporation | USDC CDCA 89-3405 JGD | 06/05/89 | | |
| Education Alternatives, Inc. | Seymour Lazar, et al v. Education Alternatives, Inc. | USDC Minnesota CV 3 94 101 | 02/23/94 | | |
| Emhart | Steven Cooperman v. Emhart Corporation, et al. | USDC EDVA 89-0112 R | 02/24/89 | | |
| Epitope | Steven Cooperman v. Epitope, Inc, et al. | USDC Oregon 92-780 DA | June 1990 | Rayna Ragonetti et al. v. Epitope, Inc., et al. | USDC Oregon 92-759 RE |
| Fairfield Communities | Steven G. Cooperman v. Fairfield Communities, Inc. | USDC EDAS 90-464 | 06/29/90 | | |
| Fidelity Medical | Nancy Cooperman IRA and Peter Schotten v. Fidelity Medical, Inc., et al. | USDC NJ 92-1913 MTB | 05/09/92 | In re Fidelity Medical, Inc. Securities Litigation | USDC NJ 92-1908 MTB |
| First Executive | First Executive Corporation by Steven Cooperman and Rodney B. Shields v. Fred Carr, et al., and First Executive Corporation | California Superior Court, Los Angeles C741965 | 10/27/89 | | |
| First Executive | Larry M. Carroll and Steven G. Cooperman v. First Executive Corporation, et al. | USDC CDCA 90-0388 RJ | 01/25/90 | In Re: First Executive Corporation Securities Litigation | USDC CDCA 89-7135 WDK |
| Fox Entertainment Group, Inc. | The Howard Vogel retirement Plan v. Peter J. Powers, et al. | Delaware Chancery 984-N | 01/10/05 | In re Fox Entertainment Group, Inc. Shareholders Litigation | Delaware Chancery 1033-N |
| Future Healthcare | Howard Vogel v. Future Healthcare, Inc. | USDC SD Ohio 95-182-SSB | 03/13/95 | In re Future Healthcare Securities Litigation | USDC SD Ohio 95-180 |
| Gap | Seymour Lazar v. Gap Stores | USDC NDCA 76 1893 | 09/03/76 | In re Gap Stores Securities Litigation | USDC NDCA MDL 277 SW |
| Gaylord Container | Howard Vogel and Helen Dagron v. Marvin A. Pomerantz, et al. | Delaware Chancery 14722 | 12/04/95 | In re Gaylord Container Corporation Shareholders Litigation | Delaware Chancery 14616 |

*Lawsuits*

| Defendant | Initial Case Caption | Initial Case Number | Filing Date | Consolidated Case Caption | Consolidated Case Number |
|---|---|---|---|---|---|
| Gaylord Container | Howard Vogel and Helen Dagron v. Marvin A. Pomerantz, et al. | Delaware Chancery Court, New Castle County 14722 | 12/04/95 | In re Gaylord Container Corporation Shareholders Litigation | Delaware Chancery Court, New Castle County 14616 |
| Genentech I | Seymour Lazar v. Robert A. Swanson, et al. | USDC NDCA C 88 4088 THE | 10/13/88 | In re Genentech Securities, Inc | USDC NDCA C 88 4038 DLJ |
| Genentech III | Robert Liebauer, Seymour Lazar and Hans Keim v Roche Holdings, Inc et al | New Castle County Delaware Chancery Court CA 14268 | 05/02/95 | In re Genentech Inc. Shareholders Litigation | New Castle County Delaware Chancery Court CA 14265 |
| General Electric | Seymour Lazar v. General Electric Company | USDC NDCA C 00 1621 MJJ | 05/05/00 | Churchill Village, L.L.C.,et al v. General Electric Company | USDC NDCA C 99 5073 MHP |
| General Instrument | Edward Newman, Trustee for Stephanie Newman, Clifford Trust, Benjamin Katz, Phyllis Freeman, Frederick Rand, Steven Cooperman, Ruth Lindner, Jack Gross, Rita D'Arco, Ellen Klein and Lillian Skolnick v. General Instrument Corporation, et al | Delaware (case number unknown) | approx. 07/02/90 | | |
| General Instrument | Seymour Lazar, derivatively on behalf of General Instrument Corp. v. John Seely Brown | USDC EDPA 95 CV 6773f | 10/25/95 | In Re General Instrument Corp. Securities Litigation | USDC NDIL 95 C 6007 GMM |
| Georgia Gulf | Gary Goldberg, Steven G. Cooperman, Jack M. Gross, Max Ellenberg and Ira Neaman v. Georgia Gulf Corp., et al. | Delaware 11054 | 08/22/89 | | |
| Guaranty National Corp. | Eugenia Gladstone Vogel v. Guaranty National Corporation, et al. | Denver, CO District Court 96-2277 | 05/09/96 | | |
| Guaranty National Corp. | Eugenia Gladstone Vogel v. Guaranty National Corporation, et al. | NY Supreme Court, NY County 96-602632 | 05/17/96 | | |
| Guaranty National Corp. (Guaranty II) | Eugenia Gladstone Vogel v. Guaranty National Corporation, et al. | Denver, CO District Court 97-5754 | Sept. 1997 | | |
| Happiness Express | Steven G. Cooperman v. Happiness Express Inc. | USDC SDNY 95-7731 RWS | 09/07/95 | | |
| Health Management, Inc. | Howard Vogel, et al. v. BDO Seidman, LLP and health Management, Inc. | NY Supreme Court, NY County 603064 | 06/12/96 | | |
| Health Management, Inc. | Howard Vogel v. Clifford E. Hotte, et al. | USDC EDNY 96-1208 (TCP) | 03/15/96 | In re Health Management, Inc. Stockholders' Derivative Litiation | USDC EDNY 96-1208 (TCP) |
| Heart Technology | Mel Kinder v. Dr. David C. Auth, et al. | Delaware 14513 | 08/30/95 | | |
| Hertz I | Seymour Lazar v. The Hertz Corporation | San Diego Superior Court 461200 | 11/07/80 | | |

*Lawsuits*

| Defendant | Initial Case Caption | Initial Case Number | Filing Date | Consolidated Case Caption | Consolidated Case Number |
|-----------|---------------------|---------------------|-------------|---------------------------|--------------------------|
| Homelink | Steven Cooperman v. Phyllis Reff, et al. | USDC SDFL 96-7206 Davis | 10/21/96 | | |
| Individual | Steven Cooperman and Scott Sklar v. Individual, Inc. | USDC Massachusetts 96-12272 DPW | 11/13/96 | | |
| Infinity Broadcasting | Eugenia Gladstone Vogel v. David T. McLaughlin | Delaware Chancery 18219 NC | 08/15/00 | In re Infinity Broadcasting Corporation Shareholders Litigation | Delaware Chancery 18219 NC |
| Intimate Brands, Inc. | Eugenia Gladstone Vogel v. F. Gordon Gee, et al. | Delaware Chancery 02-19382 NC | 02/05/02 | In re Intimate Brands, Inc. Shareholders Litigation | Delaware Chancery 02-19382 NC |
| Jan Bell | Steven G. Cooperman and Nancy Cooperman v. Jan Bell Marketing, Inc., et al. | USDC SDFL 90-6183 Gonzalez | 03/07/90 | In re; Jan Bell Marketing Securities Litigation | USDC SDFL 90-6183 Gonzalez |
| Jardine | Seymour Lazar v. Jardine Strategic Holdings, Limited | County of New York Supreme Court 87-26513 | 10/27/87 | Mortimer Schulman, et al v. Jardine Strategic Holdings Limited | County of New York Supreme Court 26513/87 |
| Jepson | Steven G. Cooperman, Frederick Rand, Barbara Gerber, Sonem Partners and Victoria A. Shaev v. The Jepson Corporation, et al. | Delaware 10987 | 07/28/89 | | |
| KVH Industries, Inc. | Howard Vogel v. KVH Industires, Inc., et al. | USDC RI 04-320-ML | 07/21/04 | Sekuk Global, et al. v. KVH Industries, Inc. et al. | USDC RI 04-306ML |
| LA Gear | Dr. Steven G. Cooperman v. Robert Y. Greenberg, et al. | USDC CDCA 90-2832 FW | 06/04/90 | In re L.A. Gear Securities Litigation | USDC CDCA 90-2832 KN |
| Life Technologies, Inc. | Eugenia Gladstone Vogel v. Life Technologies, Inc., et al. | Delaware Chancery 16519 NC | 07/07/98 | In re Life Technologies, Inc. Shareholders Litigation | Delaware Chancery 16513 |
| Lin Broadcasting | Steven Cooperman v. Lin Broadcasting Corporation, et al. | Delaware 10658 | 03/06/89 | In re Lin Broadcasting Corporation | Delaware 10596 |
| Lockheed | Seymour Lazar v. Daniel M. Tellep, et al | Los Angeles Superior Court CA001171 | 04/13/89 | Richard Rampell et al v. Daniel M. Tellep | Los Angeles Superior Court BC 111786 |
| Lotus | Steven G. Cooperman v. Lotus Development Corporation | USDC Delaware 95-346 | 06/09/95 | | |
| Lyphomed | Vivian Gordon, As Custodian for David Gordon, Northwest Investment Club, Sheldon Shore, Steven Cooperman, Maring Gagliano, Thomas Roever and Lauren Benn v. Lyphomen, Inc., et al. | Delaware Chancery Court #11040 | 08/23/89 | | |

*Lawsuits*

| Defendant | Initial Case Caption | Initial Case Number | Filing Date | Consolidated Case Caption | Consolidated Case Number |
|---|---|---|---|---|---|
| MBNA | Dr. Steven Cooperman and Leslie U. Harris v. MBNA America, Inc., et al. | California Superior Court, Los Angeles BC 049848 | 03/03/92 | | |
| MBNA | Dr. Steven Cooperman and Leslie U. Harris v. MBNA America, Inc., et al. | USDC CDCA 92-2031 JSL | 04/02/92 | | |
| MCA , Inc. | Seymour Lazar et al v. MCA Inc. et al | Los Angeles Superior Court BC011305 | 09/26/90 | In Re MCA, Inc. Shareholders Litigation | New Castle County Delaware Chancery Court CA 11740 |
| MCA, Inc. | Seymour Lazar, et al. v. MCA Inc., et al | Delaware Chancery C.A. 11740 (MAH) | 09/26/90 | In Re MCA Inc. Shareholders Litigation | Delaware Chancery C.A. 11740 (MAH) |
| MCI | Seymour Lazar, et al. vs. MCI Communications Corporation, et al. | San Diego Superior 521353 | 05/16/84 | Seymour Lazar, et al. vs. MCI Communications Corporation | USDC SDCA 1435 N (M) |
| MCI | Seymour Lazar, et al. vs. MCI Communications Corporation, et al. | USDC SDCA 1435-B (M) | ukn. | In Re Long Distance Telecommunications Litigation | USDC EDMich. MDL-598 (ADT) |
| Medaphis | Melvyn Kinder v. Medaphis Corporation and Randolph G. Brown | | 06/16/95 | In re: Medaphis Corporation Securities Litigation | USDC NDGA 95-2973 GET |
| Mellon I | Seymour Lazar v Dreyfus Corp. | County of New York Supreme Court 131088 | 12/09/93 | | |
| Mellon II | Kenneth Elan and Seymour Lazar v. Dwight L. Allison, Jr. et al | USDC EDPA 98-CV-2137 | 04/22/98 | | |
| Mercer Int'l | Eugenia G. Vogel, et al. v. Mercer International Inc., et al. | USDC CDCA 94-201-RT | 10/28/94 | | |
| Mercer Int'l | Eugenia G. Vogel and Wendy Y. Mitchell v. Mercer International, Inc., et al. | USDC CDCA 94-4229 WJR | 06/23/94 | Eugenia G. Vogel and Wendy Y. Mitchell v. Mercer International, Inc., et al. | USDC CDCA 94-201 RT |
| Mercer Int'l | Alfonso L. Sedita v. Mercer International, Inc., et al. | USDC WDWA 94-553-WLD | 04/13/94 | In re Mercer International Securities Litigation | USDC WDWA 94-553-WLD |
| Micro Focus | Seymour Lazar v. Micro Focus Group, et al. | USDC NDCA 00-20055 (SW) | 12/17/98 | In Re Micro Focus Securities Litigation | USDC NDCA01-1352-SBA |
| Micro Focus | Seymour Lazar v. Micro Focus Group, et al. | USDC NDCA 99-5320 (WHA) | ukn. | In Re Micro Focus Securities Litigation | USDC NDCA01-1352-SBA |
| Micro Focus | Seymour Lazar v Micro Focus Group, PLC, et al. | USDC SDNY 98-8591 (LAP) | 12/03/98 | In Re Micro Focus Securities Litigation | USDC SDNY 98-8591 (LAP) |
| Multimedia | Steven G. Cooperman v. Multimedia, Inc., et al. | Philadelphia County Court of Common Pleas, C. A. No. 95-CP-23-1708 | 06/15/95 | | |
| Multimedia | Jean Zaffos and Steven G. Cooperman v. Multimedia, Inc., et al. | USDC SDNY 95-9159 KMW (later changed to 95-9159 SHS) | 10/25/95 | | |

*Lawsuits*

| Defendant | Initial Case Caption | Initial Case Number | Filing Date | Consolidated Case Caption | Consolidated Case Number |
|---|---|---|---|---|---|
| NASDAQ | Lawrence A. Abel, James J. Robbins, Seymour Lazar and Steven Cooperman v. Merrill Lynch & Co., et al. | California Superior Court, San Diego County, Case No. 677313 | 05/27/94 | | |
| Neff Corp | Howard Vogel v. Neff Corp., et al. | Delaware Chancery 17826 NC | 02/29/00 | | |
| Neff Corp | Howard Vogel v. Jorge Mas | Delaware Chancery 18589 | 01/03/01 | | |
| New Image | Seymour Lazar, et al. vs. Robert H. Gurevitch, et al. | USDC CDCA 90-6345-ER (GHRx); (Bx); (GHKx); (VVB) | 11/27/90 | | |
| Newhall Land and Farm | Steven Cooperman, Ronald Fischman and Lourdes Ramann v. Thomas L. Lee, et al., and The Newhall Land and Farming Company | California Superior Court, Los Angeles, CA001093 | 04/19/88 | Case for which SC was paid | |
| Newhall Land and Farm | Steven Cooperman, Ronald Fischman and Lourdes Ramann v. Thomas L. Lee, et al. | USDC CDCA 88-3157 FW | 06/02/88 | | |
| NRG Energy | Howard Vogel v. NRG Enerby, Inc., et al. | Delaware Chancery 19411 NC | 02/15/02 | In re: NRG Energy, Inc. Shareholders Litigation | Delaware Chancery 19411 NC |
| One Bancorp | Steven Cooperman v. The One Bancorp, et al. | USDC Maine 89-0315 GC | 12/28/89 | In re The One Bancorp Securities Litigation | USDC Maine 89-0315 |
| Orion | Steven G. Cooperman v. Orion Pictures Corporation, et al. | Delaware Chancery court #11956 | approx. 01/10/91 | | |
| Orion | Chuck Kowall v. Orion Pictures Corporation, et al. | USDC EDNY #91-1903 CBA | 05/28/91 | In re Orion Pictures Corp. Securities Litigation | USDC EDNY 91-1903 |
| Oxford Health Plans, Inc. | Howard Vogel Retirement Plan v. Oxford Health Plans, Inc., et al. | USDC CT 97-2325, transferred to USDC SDNY MDL No. 1222 (CLB) | 10/31/97 | In re Oxford Health Plans, Inc., Securities Litigation | USDC SDNY MDL-1222 |
| Pathcom, Inc. | Seymour Lazar vs. Joseph Spivack, et al. | USDC CDCA 77-2493 (DWW) | 07/07/77 | | |
| Pet, Inc. | In re Pet Incorporated Shareholders Litigation | Delaware Chancery Court #13984 | 03/02/95 | | |
| Prime Motor Inns | Steven G. Cooperman v. David A. Simon, et al. | USDC NJ 90-99 RJH | 01/12/90 | In re Prime Motor Inns Shareholders Litigation | USDC New Jersey 90-CV -87 DRD |
| Quanta Services, Inc. | Eugenia Gladstone Vogel v. Vincent D. Foster, et al. | Delaware Chancery 01-19324 | 12/21/01 | | |
| Recognition Equipment | Steven Cooperman v. Recognition Equipment, Inc., et al. | Delaware 10555 | 01/19/89 | | |
| Samuel Goldwyn | Mel Kinder v. Samuel Goldwyn, Jr., et al. | Delaware 14751 | 12/27/95 | | |

*Lawsuits*

| Defendant | Initial Case Caption | Initial Case Number | Filing Date | Consolidated Case Caption | Consolidated Case Number |
|---|---|---|---|---|---|
| Santa Fe Pacific Pipeline Partners | Eugenia Gladstone Vogel v. Santa Fe Pacific Pipeline Partners, L.P., et al. | Orange County Superior Court, CA 785816 | 10/23/97 | | |
| SCI | Steven Cooperman, on behalf of himself and derivatively on behalf of SCI Television, vs Ronald O. Perelman, et al. and SCI Television, Inc. | California Superior Court, Los Angeles, # BC100359 | 03/10/94 | | |
| Sequent Computers | Steven G. Cooperman v. Karl C. Powell, Jr. et al. | USDC Oregon 91-37 FR | 01/11/91 | | |
| Shawmut | Gary Steiner, Kenneth Steiner and Leonard Shapiro v. Shawmut National Corporation, et al. | USDC Connecticut 90-253 AHN | 03/23/90 | | |
| Shawmut | Sarah B. Shields, Lepow Equities, Inc., and Steven G. Cooperman v. Shawmut National Corp., et al. | USDC Massachusetts 90-10659 S | 03/15/90 | | |
| Smithkline Beckman | Steven G. Cooperman v. Smithkline Beckmann Corporation, et al. | Philadelphia County Court of Common Pleas Master File #2303 | 04/05/89 | | |
| Software Toolworks | Steven G. Cooperman v. Leslie Crane, et al. | USDC CDCA 90-3310 RJK | 06/26/90 | | |
| Software Toolworks | Steven G. Cooperman v. The Software Toolworks Inc., et al. | USDC NDCA 90-2920 SAW | 10/12/90 | In re Software Toolworks Inc. Securities Litigation | USDC NDCA C-90-2906 FMS |
| Standard Oil | Ted Trief, et al. vs. The Standard Oil Company et al. | Ct. of Common Pleas, Cuyahoga County, OH 127045 (TOM) | approx. 04/09/87 | In Re The Standard Oil Company / British Petroleum Litigation | Ct. of Common Pleas, Cuyahoga County, OH 126760 (TJP) |
| Stratosphere | Victor M. Opitz, et al., v. Robert E. Stupak, et al. | District Court, Clark County, NV Case No. A363019 | 08/16/96 | | |
| Student Loan Corp. | Howard Vogel IRA v. The Student Loan Corp., et al. | Delaware Chancery 17493 NC | 10/22/99 | In re The Student Loan Corp. Shareholders Litigation | Delaware Chancery 17491 NC |
| Student Loan Corp. II (derivative action) | Kenneth Steiner, Crandon Capital, Howard Vogel, IRA, and Rick DeGeorge v. Citigroup, Inc. | Delaware Chancery 17810 NC | 02/25/00 | In re The Student Loan Derivative Litigation | Delaware Chancery 17799 NC |
| Sun Microsystems | Steven Cooperman and Montague Lane on behalf of themselves and derivatively on behalf of Sun Microsystems, Inc., v. Carol Bartz, et al. | California Superior Court, Santa Clara County, No. 731248 | 05/10/93 | | |

*Lawsuits*

| Defendant | Initial Case Caption | Initial Case Number | Filing Date | Consolidated Case Caption | Consolidated Case Number |
|---|---|---|---|---|---|
| Sun Microsystems | Steven Cooperman and Montague Lane vs Carol Bartz, et al. and Sun Microsystems, Inc. | USDC NDCA 93-20292 RMW (later changed to 93-20292 EAI) | 04/26/93 | In re Sun Microsystems, Inc. Securities Litigation | |
| Swiss Army Brands | Eugenia G. Vogel v. Swiss Army Brands, Inc., et al. | Delaware Chancery 19698 NC | 06/12/02 | In re: Swiss Army Brands, Inc. Shareholders Litigation | Delaware Chancery 19698 NC |
| Symantec | Steven Cooperman and Eric D. Freed v. Gordon Eubanks, et al. | California Superior Court, Santa Clara County, No. CV756665 | 03/18/96 | | |
| TD Waterhouse | Eugenia Gladstone Vogel v. Richard J. Rzasa, et al. | Delaware Chancery 19171 NC | 10/11/01 | In re TD Waterhouse Group, Inc. Shareholders Litigation | Delaware Chancery 19166 NC |
| The Learning Co. | Seymour Lazar against The Learning Company, et al. | Delaware Chancery 16860NC | 12/21/98 | | |
| Travelers Insurance | Stanley Ferber and Steven G. Cooperman v. The Travelers Corporation, et al. | USDC Connecticut 90-842 PCD | 10/09/90 | In re Travelers Corporation Securities Litigation | USDC Connecticut H-90-842 PCD |
| Travelers Property Casualty (Travelers / Citigroup II) | Howard Vogel v. Travelers Property Casualty Corp., et al. | Delaware Chancery 17902 NC | 03/21/00 | In re Travelers Property Casualty Corp. Shareholders Litigation | Delaware Chancery 17902 NC |
| TW Services | Seymour Lazar against TW Services, Inc., et al. | Delaware Chancery 10343 | 10/11/88 | In re TW Services, Inc. Shareholders Litigation | Delaware Chancery 10298 (Allen) |
| TWA | Seymour Lazar against Carl C. Icahn, et al. | Delaware Chancery 87 Clv. 8851 (RO) | Amended Complaint 12/16/87 | | |
| TWA II | Adele Charal, et al. v. Trans World Airlines, Inc., et al. | Delaware Chancery 9844 | approx. 05/05/88 | In Re Trans World Airlines, Inc. Shareholders Litigation | Delaware Chancery 9844 (Allen) |
| United Airlines | Steven G. Cooperman and Naomi Masri, v. UAL Corporation, et al. | Delaware Chancery Ct Case No. 11020 | 08/09/89 | | |
| Unity Buying | Seymour Lazar, et al. vs. Unity Buying Service Co., Inc. and DOES I through X, Inclusive | San Diego Superior 511287 (AWJ); (SER); (JRM); and (REM) | 10/26/83 | | |
| Urcarco | Steven G. Cooperman v. Urcarco, et al. | USDC NDTX 90-2047 G | 07/26/90 | In re: Urcarco Securities Litigation | USDC NDTX CA3-90-1737 P |
| Urcarco | Steven G. Cooperman v. Urcarco, Inc., et al. | USDC NDTX 90-551 E | 07/26/90 | In re: Urcarco Securities Litigation | USDC NDTX CA3-90-1737 P |
| US Oncology | Howard Vogel v. Lloyd K. Everson, et al. | Delaware Chancery 324-N | 03/22/04 | In re US Oncology, Inc. Shareholders Litigation | Delaware Chancery 324-N |
| Valero Energy | Howard J. Vogel v. Valero Energy Corporation, et al. | Texas District Court, Bexar, TX 91-CI-12179 | 08/23/91 | none | |
| Valero Natural Gas Partners (Valero II) | Howard J. Vogel v. Edward C. Benninger, et al. | Delaware Chancery 13194 | 05/15/94 | In re Valero Nturual Gas Partners, L.P. Litigation | Delaware Chancery 13194 |

*Lawsuits*

| Defendant | Initial Case Caption | Initial Case Number | Filing Date | Consolidated Case Caption | Consolidated Case Number |
|---|---|---|---|---|---|
| Valley National | Steven Cooperman v. Valley National Corporation, et al. | USDC Arizona 89-1733 EHC | 10/20/89 | David Hoexter v. James P. Simmons | USDC Arizona 89-1069 RCB, 89-1732 RCB, 89-1733 RCB (Consolidated) |
| Vastar Resources, Inc. | Eugenia Gladstone Vogel v. Jimmie D. Callison, et al. | Delaware Chancery 17890 NC | 03/17/00 | In re Vastar Resources, Inc. Shareholders Litigaton | Delaware Chancery 17888 NC |
| Vernitron | Seymour Lazar v. Vernitron Corporation, et al. | Delaware Chancery 12187 | 07/11/91 | In re Vernitron Corporation Shareholders Litigation | Delaware Chancery 12181 (CB) |
| W.R. Grace & Co. | Seymour Lazar against W. R. Grace & Co., et al. | USDC SDFL 95-8633 ZLOCH | 10/19/95 | Morris Gladstein, et al. vs. W. R. Grace & Co., et al. | USDC SDFL 95-8632 ZLOCH |
| W.R. Grace & Co. | Bruce G. Murphy, et al. against W. R. Grace & Co. | USDC SDNY 95 Civ. 9003 (JFK) | 10/20/95 | In re W. R. Grace & Co. Securities Litigation | USDC SDNY 95-9003 (JFK) |
| Western National Corp. | Howard Vogel v. Michael J. Poulos, et al. | Delaware Chancery 15930 NC | 09/12/97 | In re Western National Corporation Shareholders Litigation | Delaware Chancery 15927 NC |
| Xerox | Helene Giaraputo vs. Xerox Corporation | USDC CT 3:99CV2374 AWT | 12/09/99 | In Re Xerox Corporation Securities Litigation | USDC CT 3:99CV2374 AWT |
| Zenith | A. Jacques Lou vs. Stanley R. Zax, et al. and Zenith National | California Superior Court, BC015017 | 11/14/90 | | |
| Zenith Electronics | Seymour Lazar v. Hun Jo Lee, et al. and Zenith Electronics Corporation | Delaware Chancery C.A. 15705 | 05/22/97 | | |
| Zenith National | A. Jacques Lou vs. Stanley R. Zax, et al. and Zenith National | LA Sup. BC 015017 JHL | 11/14/90 | | |
| ZZZZ Best | A. Jacques Lou, Seymour Lazar and Robert Margolin vs. Bruce T. Andersen | USDC CDCA 87-06151 AAH | 09/16/87 | In Re ZZZZ Best Securities Litigation | USDC CDCA 87-3574 RSWL |